Atty No.: 48935

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

FILED
6/20/2019 10:44 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

| | |
|---|---|
| LAURALEE CARROLL, | ) |
| Plaintiff, | ) |
| vs. | ) No. |
| AMTRAK, CHICAGO UNION STATION COMPANY, TOTAL FACILITY MAINTENANCE, INC., and TOTAL MAINTENANCE CLEANING, INC. | ) |
| Defendants. | ) |

2019L006835

Courtroom Number: No hearing scheduled

## COMPLAINT AT LAW

NOW COMES the Plaintiff, LAURALEE CARROLL, by and through her attorneys, FISHER & LAMONICA, P.C., and for her complaint at law complaining against the Defendants, AMTRAK, CHICAGO UNION STATION COMPANY, TOTAL FACILITY MAINTENANCE, INC., and TOTAL MAINTENANCE CLEANING, INC., states as follows:

### COUNT I: NEGLIGENCE
### LAURALEE CARROLL v. AMTRAK

1. On or about August 8, 2018, and at all times relevant herein, the Plaintiff, LAURALEE CARROLL, was legally on the premises of 225 South Canal Street, in the City of Chicago, County of Cook, State of Illinois.

2. On or about August 8, 2018, and at all times relevant herein, the Defendant, AMTRAK, owned, operated, and maintained a train station at 225 South Canal Street, in the City of Chicago, County of Cook, State of Illinois.

3. On or about August 8, 2018, and at all times relevant herein, the Plaintiff, LAURALEE CARROLL, was on the premises of 225 South Canal Street as a business invitee.

4. On or about August 8, 2018, and at all times relevant, the Defendant, AMTRAK had a duty to maintain its premises for the safety of those lawfully on the premises.

5. On or about August 8, 2018, the Defendant, AMTRAK, had a duty to exercise



reasonable care to protect the safety of its customers.

6. On or about August 8, 2018, a puddle of water or some other liquid leaked or was spilled on the floor of the subject premises.

7. That the aforementioned water or other liquid was permitted to exist on the floor of the subject premises for an unreasonable amount of time.

8. On August 8, 2018, the Defendant, AMTRAK, knew or reasonably should have known of the hazard presented by a puddle of water or other liquid on the floor.

9. On August 8, 2018, the Plaintiff slipped and fell on the water or other liquid that had been left on the tile floor.

10. On August 8, 2018, the Defendant, AMTRAK, failed to post any warning or caution signs to warn customers of the hazardous condition of the floor.

11. The Defendant, AMTRAK, directly and through the acts of their various agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions:

    a. Carelessly and negligently failed to maintain said premises in a safe condition;

    b. Carelessly and negligently failed to properly warn customers of the puddle on the floor;

    c. Carelessly and negligently permitted the puddle to exist on the floor for an unreasonable length of time;

    d. Carelessly and negligently failed to exercise ordinary care in discovering the presence of the condition of the floor;

    e. Carelessly and negligently failed to correct the condition once it had knowledge of the condition;

    f. Carelessly and negligently permitted a dangerous condition to exist that posed an unreasonable risk of slip and fall harm to persons using said premises, including the Plaintiff, LAURALEE CARROLL;

    g. Otherwise carelessly and negligently failed to maintain the property in a reasonably safe condition for persons lawfully on it, including the Plaintiff.

12. As a direct and proximate result of one or more of the aforementioned wrongful acts or omissions, of the Defendant, AMTRAK, the Plaintiff, LAURALEE CARROLL sustained severe and permanent injuries, including, but not limited to a right humerus fracture requiring surgical repair, causing past and future pain and suffering, disability, loss of a normal life, lost

wages, and necessitating great medical and therapeutic expenses in the past and reasonably expected in the future as well as psychological damages.

13. The Plaintiff's damages are valued in excess of fifty-thousand dollars ($50,000.00), the minimum jurisdictional amount required for the law division of Cook County.

WHEREFORE, the Plaintiff, LAURALEE CARROLL prays for judgment in her favor and against the Defendant, AMTRAK, for past and future pain and suffering, past and future loss of normal life, past and future disfigurement, past and future disability, past and future medical and therapeutic expenses, past and future lost wages, past and future psychological and emotional distress, the costs of this action, and for any other relief this Court deems just.

## COUNT II: NEGLIGENCE (ALTERNATIVE PLEADING)
## LAURALEE CARROLL v. CHICAGO UNION STATION COMPANY

1. On or about August 8, 2018, and at all times relevant herein, the Plaintiff, LAURALEE CARROLL, was legally on the premises of 225 South Canal Street, in the City of Chicago, County of Cook, State of Illinois.

2. On or about August 8, 2018, and at all times relevant herein, the Defendant, CHICAGO UNION STATION COMPANY, owned, operated, and maintained a train station at 225 South Canal Street, in the City of Chicago, County of Cook, State of Illinois.

3. On or about August 8, 2018, and at all times relevant herein, the Plaintiff, LAURALEE CARROLL, was on the premises of 225 South Canal Street as a business invitee.

4. On or about August 8, 2018, and at all times relevant, the Defendant, CHICAGO UNION STATION COMPANY, had a duty to maintain its premises for the safety of those lawfully on the premises.

5. On or about August 8, 2018, the Defendant, CHICAGO UNION STATION COMPANY, had a duty to exercise reasonable care to protect the safety of its customers.

6. On or about August 8, 2018, a puddle of water or some other liquid leaked or was spilled on the floor of the subject premises.

7. That the aforementioned water or other liquid was permitted to exist on the floor of the subject premises for an unreasonable amount of time.

8. On August 8, 2018, the Defendant, CHICAGO UNION STATION COMPANY, knew or reasonably should have known of the hazard presented by a puddle of water or other liquid on the floor.

9. On August 8, 2018, the Plaintiff slipped and fell on the water or other liquid that had been left on the tile floor.

10. On August 8, 2018, the Defendant, CHICAGO UNION STATION COMPANY, failed to post any warning or caution signs to warn customers of the hazardous condition of the floor.

11. The Defendant, CHICAGO UNION STATION COMPANY, directly and through the acts of their various agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions;
   a. Carelessly and negligently failed to maintain said premises in a safe condition;

   b. Carelessly and negligently failed to properly warn customers of the puddle on the floor;

   c. Carelessly and negligently permitted the puddle to exist on the floor for an unreasonable length of time;

   d. Carelessly and negligently failed to exercise ordinary care in discovering the presence of the condition of the floor;

   e. Carelessly and negligently failed to correct the condition once it had knowledge of the condition;

   f. Carelessly and negligently permitted a dangerous condition to exist that posed an unreasonable risk of slip and fall harm to persons using said premises, including the Plaintiff, LAURALEE CARROLL;

   g. Otherwise carelessly and negligently failed to maintain the property in a reasonably safe condition for persons lawfully on it, including the Plaintiff.

12. As a direct and proximate result of one or more of the aforementioned wrongful acts or omissions, of the Defendant, CHICAGO UNION STATION, the Plaintiff, LAURALEE CARROLL sustained severe and permanent injuries, including, but not limited to a right humerus fracture requiring surgical repair, causing past and future pain and suffering, disability, loss of a normal life, lost wages, and necessitating great medical and therapeutic expenses in the past and reasonably expected in the future as well as psychological damages.

13. The Plaintiff's damages are valued in excess of fifty-thousand dollars ($50,000.00), the minimum jurisdictional amount required for the law division of Cook County.

WHEREFORE, the Plaintiff, LAURALEE CARROLL prays for judgment in her favor and against the Defendant, CHICAGO UNION STATION COMPANY, for past and future pain and suffering, past and future loss of normal life, past and future disfigurement, past and future disability, past and future medical and therapeutic expenses, past and future lost wages, past and future psychological and emotional distress, the costs of this action, and for any other relief this Court deems just.

## COUNT III: NEGLIGENCE
### LAURALEE CARROLL v. TOTAL FACILITY MAINTENANCE, INC.

1. On or about August 8, 2018, and at all times relevant herein, the Plaintiff, LAURALEE CARROLL, was legally on the premises of 225 South Canal Street, in the City of Chicago, County of Cook, State of Illinois.

2. On or about August 8, 2018, and at all times relevant herein, the Defendant, AMTRAK, owned, operated, and maintained a train station at 225 South Canal Street, in the City of Chicago, County of Cook, State of Illinois.

3. On or about August 8, 2018, and at all times relevant herein, the Plaintiff, LAURALEE CARROLL, was on the premises of 225 South Canal Street as a business invitee.

4. On or about August 8, 2018, and at all times relevant herein, a contract existed between the Defendant, AMTRAK and the Defendant, TOTAL FACILITY MAINTENANCE, INC.

5. On or about August 8, 2018, and at all times relevant herein, the contract between the Defendant, AMTRAK and the Defendant, TOTAL FACILITY MAINTENANCE, INC. was valid and enforceable.

6. On or about August 8, 2018, and at all times relevant herein, the Defendant, TOTAL FACILITY MAINTENANCE, INC., was contractually obligated to clean and refinish the floors at the The Defendant, AMTRAK's train station located at 225 South Canal Street in the City of Chicago, County of Cook, State of Illinois.

7. On or about August 8, 2018, the Defendant, TOTAL FACILITY MAINTENANCE, INC., had a duty to exercise reasonable care to protect the safety of those lawfully on the premises.

8. On and prior to August 8, 2018, the Defendant, TOTAL FACILITY MAINTENANCE, INC., through its various agents, servants, and/or employees, used wax and other cleaning substances in the maintenance of the tile floors.

9. On or about August 8, 2018, a puddle of water or some other liquid leaked or was spilled on the floor of the subject premises.

10. That the aforementioned water or other liquid was permitted to exist on the floor of the subject premises for an unreasonable amount of time.

11. On August 8, 2018, the Defendant, TOTAL FACILITY MAINTENANCE, INC., knew or reasonably should have known of the hazard presented by a puddle of water or other liquid on the floor.

12. On August 8, 2018, the Plaintiff slipped and fell on the water or other liquid that had been left on the tile floor.

13. On August 8, 2018, the Defendant, TOTAL FACILITY MAINTENANCE, INC., failed to post any warning or caution signs to warn customers of the hazardous condition of the floor.

14. The Defendant, TOTAL FACILITY MAINTENANCE, INC., directly and through the acts of their various agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions:

   a. Carelessly and negligently failed to maintain said premises in a safe condition;

   b. Carelessly and negligently failed to properly warn customers that the floor was slippery;

   c. Carelessly and negligently created the hazardous condition on the floor;

   d. Carelessly and negligently failed to exercise ordinary care in discovering the presence of the condition of the floor;

   e. Carelessly and negligently failed to correct the condition once it had knowledge of the condition;

   f. Carelessly and negligently permitted a dangerous condition to exist that posed an unreasonable risk of slip and fall harm to persons using said premises, including the Plaintiff, LAURALEE CARROLL;

   g. Otherwise carelessly and negligently failed to maintain the property in a reasonably safe condition for persons lawfully on it, including the Plaintiff.

15. As a direct and proximate result of one or more of the aforementioned wrongful acts or omissions, of the Defendant, TOTAL FACILITY MAINTENANCE, INC., the Plaintiff, LAURALEE CARROLL sustained severe and permanent injuries, including, but not limited to a right humerus fracture requiring surgical repair, causing past and future pain and suffering, disability, loss of a normal life, lost wages, and necessitating great medical and therapeutic expenses in the past and reasonably expected in the future as well as psychological damages.

16. The Plaintiff's damages are valued in excess of fifty-thousand dollars ($50,000.00), the minimum jurisdictional amount required for the law division of Cook County.

WHEREFORE, the Plaintiff, LAURALEE CARROLL prays for judgment in her favor and against the Defendant, TOTAL FACILITY MAINTENANCE, INC., for past and future pain and suffering, past and future loss of normal life, past and future disfigurement, past and future disability, past and future medical and therapeutic expenses, past and future lost wages, past and future psychological and emotional distress, the costs of this action, and for any other relief this Court deems just.

## COUNT IV: NEGLIGENCE (ALTERNATIVE PLEADING)
### LAURALEE CARROLL v. TOTAL MAINTENANCE CLEANING, INC.

1. On or about August 8, 2018, and at all times relevant herein, the Plaintiff, LAURALEE CARROLL, was legally on the premises of 225 South Canal Street, in the City of Chicago, County of Cook, State of Illinois.

2. On or about August 8, 2018, and at all times relevant herein, the Defendant, AMTRAK, owned, operated, and maintained a train station at 225 South Canal Street, in the City of Chicago, County of Cook, State of Illinois.

3. On or about August 8, 2018, and at all times relevant herein, the Plaintiff, LAURALEE CARROLL, was on the premises of 225 South Canal Street as a business invitee.

4. On or about August 8, 2018, and at all times relevant herein, a contract existed between the Defendant, AMTRAK and the Defendant, TOTAL MAINTENANCE CLEANING, INC.

5. On or about August 8, 2018, and at all times relevant herein, the contract between the Defendant, AMTRAK and the Defendant, TOTAL MAINTENANCE CLEANING, INC. was valid and enforceable.

6. On or about August 8, 2018, and at all times relevant herein, the Defendant, TOTAL MAINTENANCE CLEANING, INC., was contractually obligated to clean and refinish the floors at the The Defendant, AMTRAK's train station located at 225 South Canal Street in the City of Chicago, County of Cook, State of Illinois.

7. On or about August 8, 2018, the Defendant, TOTAL MAINTENANCE CLEANING, INC., had a duty to exercise reasonable care to protect the safety of those lawfully on the premises.

8. On and prior to August 8, 2018, the Defendant, TOTAL MAINTENANCE CLEANING, INC., through its various agents, servants, and/or employees, used wax and other cleaning substances in the maintenance of the tile floors.

9. On or about August 8, 2018, a puddle of water or some other liquid leaked or was spilled on the floor of the subject premises.

10. That the aforementioned water or other liquid was permitted to exist on the floor of the subject premises for an unreasonable amount of time.

11. On August 8, 2018, the Defendant, TOTAL MAINTENANCE CLEANING, INC., knew or reasonably should have known of the hazard presented by a puddle of water or other liquid on the floor.

12. On August 8, 2018, the Plaintiff slipped and fell on the water or other liquid that had been left on the tile floor.

13. On August 8, 2018, the Defendant, TOTAL MAINTENANCE CLEANING, INC., failed to post any warning or caution signs to warn customers of the hazardous condition of the floor.

14. The Defendant, TOTAL MAINTENANCE CLEANING, INC., directly and through the acts of their various agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions:

    a. Carelessly and negligently failed to maintain said premises in a safe condition;

    b. Carelessly and negligently failed to properly warn customers that the floor was slippery;

    c. Carelessly and negligently created the hazardous condition on the floor;

    d. Carelessly and negligently failed to exercise ordinary care in discovering the presence of the condition of the floor;

    e. Carelessly and negligently failed to correct the condition once it had knowledge

FILED DATE: 6/20/2019 10:44 AM 2019L006835

of the condition;

f. Carelessly and negligently permitted a dangerous condition to exist that posed an unreasonable risk of slip and fall harm to persons using said premises, including the Plaintiff, LAURALEE CARROLL;

g. Otherwise carelessly and negligently failed to maintain the property in a reasonably safe condition for persons lawfully on it, including the Plaintiff.

15. As a direct and proximate result of one or more of the aforementioned wrongful acts or omissions, of the Defendant, TOTAL MAINTENANCE CLEANING, INC., the Plaintiff, LAURALEE CARROLL sustained severe and permanent injuries, including, but not limited to a right humerus fracture requiring surgical repair, causing past and future pain and suffering, disability, loss of a normal life, lost wages, and necessitating great medical and therapeutic expenses in the past and reasonably expected in the future as well as psychological damages.

16. The Plaintiff's damages are valued in excess of fifty-thousand dollars ($50,000.00), the minimum jurisdictional amount required for the law division of Cook County.

WHEREFORE, the Plaintiff, LAURALEE CARROLL prays for judgment in her favor and against the Defendant, TOTAL MAINTENANCE CLEANING, INC., for past and future pain and suffering, past and future loss of normal life, past and future disfigurement, past and future disability, past and future medical and therapeutic expenses, past and future lost wages, past and future psychological and emotional distress, the costs of this action, and for any other relief this Court deems just.

Respectfully submitted,

FISHER & LAMONICA, P.C.

One of the Plaintiff's attorneys

Erron H. Fisher
Alexis M. Tomczewski
FISHER & LAMONICA, P.C.
Attorney No. 48935
100 South Wacker Drive, Suite 1160
Chicago, IL 60606
312/345-0500
(f) 312/345-0550

STATE OF ILLINOIS   )
                    ) SS
COUNTY OF COOK      )

FILED
6/20/2019 10:44 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2019L006835

## AFFIDAVIT

Pursuant to Supreme Court Rule 222, I will be seeking money damages in a sum in excess of $50,000.00.

FURTHER AFFIANT SAITH NOT.

LAURALEE CARROLL

By: _____
Erron H. Fisher,
Attorney for Plaintiff

SUBSCRIBED and SWORN
to before me this 20 day
of June, 2019.

_____
NOTARY PUBLIC

MAJA RZEPKA
Official Seal
Notary Public - State of Illinois
My Commission Expires Apr. 18, 2020